■ ROBERT STUCKEY, Respondent-Appellant, v. ERIE RAILROAD COMPANY, Appellant-Respondent.— Judgment in favor of plaintiff upon a jury verdict, reversed on the law and on the facts and in the interests of justice, and a new trial ordered, with costs to defendant-appellant. Plaintiff sought damages for wrongful discharge from employment. He had been employed as a checker by defendant and was a member of a union with whom defendant had a collective bargaining agreement. That agreement provided (rule 41) that employees could not be discharged without a proper investigation after notice, in writing, of the charges and time of the hearing. On May 27, 1953, plaintiff was notified by letter that an investigation, i.e., a hearing, would be held on June 2, 1953 with regard to the charge that plaintiff had confiscated a radio on April 29, 1953. The investigation was held on the date stated. Thereafter on June 11,

1953, plaintiff obtained a copy of the transcript of the record of the hearing after having read the transcript, initialed each page and signed the original. On July 21, 1953, plaintiff was informed by letter of his dismissal from defendant's employ. As the jury was charged, the issue presented was whether plaintiff was accorded a fair investigation pursuant to the requirements of rule 41 of the collective agreement. If there was a proper hearing, then the sufficiency of the evidence to sustain the decision reached by the hearing officers could not be reviewed in the absence of proof of bad faith. In our view, the verdict rendered in plaintiff's favor was against the preponderant weight of the credible evidence on the crucial question of a fair hearing on the charge. Hence, the verdict must be set aside and a new trial granted. In view of that disposition, defendant's appeal from the order denying its motion for a new trial and plaintiff's cross appeal from that part of the judgment which allegedly allows inadequate interest, are dismissed, as academic, without costs. Concur — Breitel, J. P., Valente and Stevens, JJ.; McNally and Steuer, JJ., dissent in the following memorandum by McNally, J.: I dissent, in part, and vote to dismiss the complaint on the ground that there was insufficient proof to make a prima facie case that plaintiff had not received a fair hearing. (See *Coleman v. New York Cent. R. R. Co.*, 277 App. Div. 1022, affd. 302 N. Y. 860.)